JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Mark Suttles appeals from his convictions for two counts of trafficking in drugs. We affirm the judgment of the trial court.
Suttles was indicted on two counts of preparation of crack cocaine for sale in violation of R.C. 2925.03(A)(2) and on two counts of possession of cocaine in violation of R.C. 2925.11(A). On November 21, 2003, Suttles pleaded guilty to two counts of preparation of crack cocaine for sale and agreed with the prosecutor on a sentence of ten years for one count and three years for the other count. The sentences were to run consecutively. The possession counts were dismissed.
Pursuant to Anders v. California,[1] Suttles's appointed counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Suttles's appeal, and he has moved this court for permission to withdraw as counsel. Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of the trial court's judgment. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Suttles. It is clear from the transcript that Suttles understood the import of his plea and of the agreed sentence. Further, under R.C. 2953.08(D), Suttles's sentence is not subject to review because it was "authorized by law, * * * recommended jointly by the defendant and the prosecution in the case, and * * * imposed by a sentencing judge." We, therefore, overrule counsel's motion to withdraw and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, due to Suttles's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.